IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR–13–59– BLG–DWM |
| Plaintiff, | |
| | ORDER |
| vs. | |
| DONALD RICHARD NISSEN, | |
| Defendant. | |

On September 11, 2013, after a hearing, United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendation on Defendant Donald Richard Nissen's motion to plead guilty to a superseding information charging the crime of conspiracy to possess with intent to distribute methamphetamine. Docs. 17, 25, & 28. Although the parties were notified of their right to file objections to the Findings and Recommendations within 14 days, neither party filed objections. Failure to object waives the right to review. Fed.R.Crim.P. 59. But consistent with this Court's "full authority" to review the Findings and Recommendations under any standard it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 154 (1985), this Court reviews for clear error. Clear error exists if the Court is left

1

with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Ostby recommends this Court accept the guilty plea because Nissen entered the plea after a thorough plea colloquy conducted pursuant to Rule 11 Fed.R.Civ.P. I find no clear error in Judge Ostby's Findings and Recommendation (doc. 28), and I adopt them in full.

Accordingly, IT IS ORDERED that Donald Richard Nissen's Motion to Change Plea (doc. 17) is GRANTED. Nissen is adjudged guilty of the crime of conspiracy to possess with intent to distribute methamphetamine as charged in the Superseding Information (doc. 20) filed in this case.

IT IS FURTHER ORDERED:

1. Sentencing is set for **Wednesday December 18, 2013, at 11:00 A.M.** in the James F. Battin Courthouse, Billings, Montana.

2. The United States Probation Office shall conduct a presentence investigation in accordance with Fed. R. Crim. P. 32(b) and 18 U.S.C. § 3552(a).

3. Following completion of the presentence report, the probation officer shall disclose the report (excepting any recommendations of the probation officer) to the defendant, counsel for the defendant, and counsel for the government no later than November 1, 2013. The probation officer shall not disclose, directly or

indirectly to anyone under any circumstances, the substance or contents of any recommendation made or to be made to the Court.

4. In cases where restitution is mandatory, the probation officer shall consider a payment plan with the Defendant and make recommendations to the Court concerning interest and a payment schedule.

5. In accordance with U.S.S.G. § 6A1.2, after receipt of the presentence report and no later than November 15, 2013, counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort.

6. The presentence report, in final form, shall be delivered to the Court and the parties no later than December 4, 2013.

7. If the objections made pursuant to ¶ 5 are not resolved and counsel wishes the Court to address them, the objecting party shall submit all unresolved objections and a sentencing memorandum to the Court no later than December 9, 2013. The Court will resolve disputes in accordance with § 6A1.3 of the guidelines at the sentencing hearing.

8. The parties are advised that in the absence of good cause, the Court

will not allow witness testimony at sentencing except as authorized by Fed. R. Crim. P. 32(i). The Court will not approve payment of witness fees and costs under Fed. R. Crim. P. 17(b) unless the witness testimony is authorized by Rule 32(i). If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than December 9, 2013, of the identity of the witness and the scope and purpose of the intended testimony. The requirement that the opposing party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating ex parte application for witness subpoenas.

9. Without leave of Court, the defendant may file no more than ten (10) letters of support. Defendants wishing to file more than ten (10) letters must first seek leave of Court explaining why a greater number is necessary.

10. Any responses to sentencing memoranda shall be filed on or before December 16, 2013.

11. Reply briefs will not be accepted for filing in sentencing matters.

Dated this 2nd day of October, 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT